# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JEREMY EDWARD MUSGRAY,**

    **Petitioner,**

**vs.**                                                                       **Case No. 4:06cv372-RH/WCS**

**WARDEN JOHN HANCOCK,**[1]

    **Respondent.**

                                          **/**

## REPORT AND RECOMMENDATION

    This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner was convicted and sentenced in this court to consecutive terms of 70 months (as reduced) and 60 months (a total of 130 months) for armed bank robbery and possession of a firearm during and in relation to a crime of violence. Doc. 50 in case number 4:98cr23-RH (judgment entered on the docket on March 2, 1999). He seeks

---

[1] Petitioner named the United States of America in the style of his petition. Doc. 1, p. 1. Petitioner is held at the Wakulla Correctional Institution. Former Warden Patricia Mecusker was substituted as Respondent in my prior order, doc. 6, though the Government advises that when this order was entered, Mecusker had already left this position and was replaced by Warden John Hancock. Doc. 10, p. 3. Hancock is automatically substituted pursuant to FED. R. CIV. P. 25(d)(1).

credit against this federal sentence for time spent in pretrial detention pursuant to 18 U.S.C. § 3585.  The Government and Petitioner's state custodian have filed responses.  Docs. 10 and 9, respectively.  Petitioner has not filed a reply.

Petitioner is housed at the Wakulla Correctional Institution as a federal prisoner. At the present time, he has no active state sentences and is simply serving his federal sentence at this state institution.  Doc. 9, p. 1.  He was first received as a state prisoner on March 17, 1999, after receiving two concurrent three year sentences in the Leon County Circuit Court on January 20, 1999, in case number 97-4740.  *Id.*, p. 2.  He completed the state sentences on August 1, 2000, and was released to federal custody. *Id.*  On September 21, 2005, he was returned to the Florida Department of Corrections to serve his federal sentence pursuant to an intergovernmental agreement.  *Id.*

**Exhaustion of administrative remedies**

A federal prisoner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust Bureau of Prison administrative remedies.  Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004).

> The Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing. *United States v. Wilson*, 503 U.S. 329, 333-35, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992) (construing 18 U.S.C. § 3585(b)(2), the relevant statute regarding credit for time served).  As a result, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) (interpreting § 3585(b)'s predecessor, § 3568).  "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000).  "Exhaustion of administrative remedies is jurisdictional." *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (addressing denial of a § 2241 petition).

United States v. Luna-Mora, 180 Fed.Appx. 847, 849 (11th Cir. 2006) (not selected for publication), *cert. denied sub nom.*, Bernal-Soto v. United States, 127 S.Ct. 312 (2006).

Petitioner has not pursued administrative remedies within the Bureau of Prisons. Doc. 1, pp 3-4.  He contends that exhaustion would be futile because he is not housed within the Bureau of Prisons.  *Id.*, p. 4.

While the Bureau of Prisons has an administrative remedy program, the program does not apply to Petitioner because he is held in a state facility:

> (a) Purpose. The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. An inmate may not submit a Request or Appeal on behalf of another inmate.
>
> (b) Scope. This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement. *This Program does not apply to inmates confined in other non-federal facilities*.

28 C.F.R. § 542.10(a) and (b) (emphasis added).

The Bureau of Prisons argues that by contract, the Florida Department of Corrections is required to provide a grievance procedure for a federal prisoner housed by contract with the State of Florida.  Doc. 10, p. 6, citing Ex. 4, contract Facility Quality Assurance Plan 7700.03, ¶ 3 and Vital Function 5; doc.10-2 on the electronic docket, pp. 16-17.  The Florida Department of Corrections has a robust grievance procedure in place, FLA. ADMIN. CODE 33-103.001, et seq., but the Bureau predicts that:

> Petitioner may assert that he was not obligated to file a grievance related to his sentence computation on the basis that F.A.C. Rule 33-103.001(4)(d) excludes from the grievance process any grievances challenging "matters beyond the control of the department" and that the filing of a grievance would be futile.

Doc. 10, p. 7.

> The Florida Department of Corrections states:
>
> Petitioner was sentenced on February 23, 1999 to an overall term of 157 months in case no. 4:98cr0023-001. Exh. C at 020-027[.] Subsequently, the overall federal sentence was reduced to 130 months. The release date reflected on the FDOC website is not valid. The FDOC will only release Petitioner when directed by the U.S. BOP. The FDOC has no authority over the calculation or determination of Petitioner's release date resulting from the federal sentences. That authority is vested solely with the U.S. BOP.
>
> Thus, the FDOC defers to the U.S. BOP and the U.S. Attorney's Office on the determination and the calculation of Petitioner's federal sentences and release date.

Doc. 9, p. 2.

Hence, the outcome of pursuit of a grievance with the Florida Department of Corrections is known in advance. It will not succeed. The Florida Department of Corrections will decline to answer the federal law question.

The Eleventh Circuit has recently commented that, "[g]iven our precedent that the exhaustion requirement in § 2241 cases . . . is jurisdictional, whether [petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 Fed.Appx. 356, 359 (11th Cir. 2006) (footnote, discussing *inter alia* the exhaustion requirement for § 3585 claims, omitted). Even if futility were a viable argument, however, this would apply only in "extraordinary circumstances," and Petitioner "bears the burden of demonstrating the futility of administrative review." *Id.,* citing Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.1994) (per curiam). *See also* Hicks v. Jordan, 165 Fed.Appx. 797, 799 (11th Cir. 2006) (noting it questionable whether there could be a waiver or futility exception to the exhaustion requirement which is

Page 5 of 6

jurisdictional, also finding it unclear that pursuit of administrative remedies would have been futile in that case). In light of the exhaustion requirement, Petitioner should be required to grieve his claim using all administrative remedies available within the Florida Department of Corrections. Requiring exhaustion also aids judicial review. *See* Hicks, 165 Fed.Appx. at 799 (noting that even if the administrative outcome is adverse, it provides the court with interpretation of regulations and explication of the relevant facts) (citation and footnote omitted).

Further, delay in resolving Petitioner's claim should not work an injustice here because it is unlikely that he will be unlawfully held without due credit for jail time. The Bureau of Prisons has made its own calculation of Petitioner's federal sentence and determined that Petitioner's release date is January 7, 2010. Doc. 10, p. 11. The Bureau asserts that all of the time that Petitioner spent incarcerated pending the federal sentence was credited toward Petitioner's state sentence. *Id.* Since this court did not specify how the federal sentence was to be served relative to the state sentence, the usual rule applies: Petitioner will get no credit against the federal sentence for any time credited to another sentence, including the state sentence. 18 U.S.C. § 3585(b). The merits cannot be resolved definitively, however, because the court lacks jurisdiction.

Accordingly, it is **RECOMMENDED** that the court **DISMISS** the § 2241 petition for § 3585(b) jail credit filed by Jeremy Edward Musgray for failure to exhaust administrative remedies.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2007.

                                          s/    William C. Sherrill, Jr.
                                          **WILLIAM C. SHERRILL, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**